Bridgeport *v.* United States Fidelity & Guaranty Co.

*Marri* v. *Stamford Street Railroad Co.,* 84 Conn. 9, 23, 78 Atl. 582. The verdict was excessive by the amount allowed for the daughter's services and for interest thereon.

The one ruling on evidence appealed from was correct. The charge was not at variance with the defendant's contention that the damage, to be recoverable, must be direct and not consequential; the jury was sufficiently instructed that, to justify recovery, the act of the dog in jumping against Mrs. Beckert must have been the direct, proximate cause from which she fell and received her injuries.

There is no error in the case of Anna T. Beckert. In the case of William E. Beckert there is error in the amount of damages awarded and a new trial is ordered unless the plaintiff, within sixty days, files a *remittitur* of $140.53.

In this opinion the other judges concurred.

---

THE CITY OF BRIDGEPORT *vs.* UNITED STATES FIDELITY AND GUARANTY COMPANY.

Third Judicial District, Bridgeport, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

Motion filed September 28th—decided October 26th, 1926.

MOTION for reargument made by the defendant in the above entitled case, reported in 105 Conn. 11. *Motion denied.*

*Carl Foster,* with whom was *Lorin W. Willis,* for the appellant (defendant).

*William H. Comley,* with whom was *Alexander L. DeLaney,* for the appellee (plaintiff).

PER CURIAM.   None of the several grounds upon which the motion is based furnish adequate reason for granting the motion.

Our opinion shows that no evidence was offered and no claim made that evidence was offered in support of count two of the substituted complaint.   It accordingly disappeared from the case and the demurrers considered in the opinion were confined to that to the first count of the substituted complaint and those to the other defenses of the answer to this count.

These demurrers cover the same questions of law. The real questions involved in these demurrers were the principal grounds considered in the opinion.   The other grounds of demurrer to the substituted complaint were properly overruled and the demurrers to the other defenses of the answer were so obviously well taken, as to have required no discussion.

The defense that the failure to deduct the $50 a day as provided in paragraph six of the contract was a waiver by plaintiff of its right to claim damages for the default set forth in the first count necessarily fell when we determined that the provision in paragraph six for liquidated damages did not apply to the default sued upon.

For like reason the defense based upon paragraph forty-one of the contract requiring that the plaintiff city retain ten per cent of the contract price as the work progressed fell.

The motion for a reargument is denied.